IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-63-H-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| KELVIN SNEAD, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and defendant the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

Defendant was charged in a 3-count indictment on 21 February 2012 with the following offenses: 1 count of conspiracy from 2004 until the date of indictment to distribute and possess with the intent to distribute 5 kilograms or more of cocaine, 280 grams or more of cocaine base or crack, and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (ct. 1); 1 count of possession with intent to distribute 1,000 or more kilograms of marijuana in April 2007

and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 2); and distribution of a quantity of marijuana on or about 2 June 2010, in violation of 21 U.S.C. § 841(a)(1) (ct. 3).

The alleged offenses arise, in part, from defendant's providing a truck to drug traffickers to assist them in bringing illicit drugs from Texas to North Carolina in early 2007. The truck was stopped in Atlanta on 7 May 2007 and found to contain 150 kilograms of cocaine. A prior run with the truck involved 7,700 pounds of marijuana, 3,300 pounds of which were brought to defendant's place of business. This and other information regarding defendant's involvement in the alleged drug conspiracy rests largely on statements of alleged co-conspirators, many of whom have already been convicted for their involvement in the conspiracy.

In addition, there was a controlled purchase of a pound of marijuana from defendant on 1 June 2010. Defendant had children, along with the marijuana, in the vehicle in which he traveled to the transaction site. Previously, on 19 May 2010, defendant, a convicted felon, admitted to agents during a "knock and talk" that there was a shotgun in his bedroom, and ammunition and marijuana at his workshop, which the agents seized.

Given the nature of the charges against defendant, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: the strength of the government's case against defendant, including the statements of the co-conspirators and the physical evidence from the 7 May 2007 search of defendant's truck in Atlanta; the nature and circumstances of the offenses, including the duration of the alleged conspiracy, the involvement of drugs in the offenses, the

amount of drugs involved, and defendant's being on probation for a portion of the period covered by the conspiracy (ct. 1) and at the time of the alleged commission of the possession charge (ct. 2); defendant's criminal record, including 5 felony and 5 misdemeanor convictions, 6 failures to appear, and 1 probation revocation; the danger of continued drug trafficking by defendant if he were released; the unsuitability of the proposed third-party custodial arrangement because of the level of risk of danger presented by defendant and the proposed custodian's apparently limited ability to supervise defendant effectively; and the other findings and reasons stated in open court. The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 9th day of March 2012.

_____
James E. Gates
United States Magistrate Judge