# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

No. 5:12-CR-00063-H-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | **ORDER** |
| ) | |
| KELVIN SNEAD,   ) | |
| ) | |
| Defendant.   ) | |

This matter is before the Court on Defendant's pretrial discovery motions [DE-39-41]. The Government has responded [DE-62], and the matters are now ripe for decision.

1. **Motion for Early Disclosure of *Brady/Giglio* Material [DE-39]**

Defendant requested that the Government produce discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady/Giglio* material, including plea agreements between the Government and its witnesses or other inducements to testify, potentially exculpatory evidence, including exculpatory statements of testifying and non-testifying witness, and the criminal records of any Government witnesses in this case. The Government responded that it is not aware of any evidence subject to disclosure under *Brady*, but that it would produce any such evidence that it becomes aware of subject to its continuing disclosure obligations and that it was producing plea agreements and criminal histories of cooperating witnesses that it anticipates calling at trial and would produce any additional information pursuant to its continuing disclosure obligation.

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the government is required to disclose evidence that is "both favorable to the accused and 'material either to guilt or

to punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady*, 373 U.S. at 87). This requirement includes disclosure of evidence that could potentially be used to impeach or discredit a government witness. *Giglio v. United States*, 405 U.S. 150, 154 (1972). Accordingly, the government must disclose all plea agreements and promises of leniency, immunity, or other similar inducements to testify that have been given to witnesses. *United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988). Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that there is no violation of due process so long as the government discloses exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).

Based on the Government's response that it is not aware of any *Brady* material, Defendant's request for such material is **DENIED AS MOOT**. However, Defendant's request for production of *Giglio* material is **GRANTED,** and to the extent it has not already done so, the Government shall produce any such material no later than two weeks prior to trial, which is the same time frame agreed to by the Government in the co-defendant's case. Furthermore, the Government is reminded of its continuing obligation to produce *Brady/Giglio* material should such material arise.

2. **Motion for Sequestration of Government Witnesses [DE-40]**

Defendant seeks an order, pursuant Rule 615 of the Federal Rules of Evidence, requiring the sequestration of the Government's witnesses. The Government does not oppose the motion, except as to its designated case agent, which Defendant acknowledged was appropriate. Accordingly, Defendant's motion to sequester under Rule 615 is **GRANTED** and the Government's trial witnesses, with the exception of the Government's designated case agent,

shall be "excluded so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. Furthermore, each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *See United States v. Rhynes*, 218 F.3d 310, 317-21 (4th Cir. 2000) (en banc).

3. **Motion for Disclosure of Identity and Additional Information of Confidential Informant [DE-41]**

Defendant requested that the Government disclose the identity of and additional information about the confidential informant who alleges to have bought illegal drugs from the Defendant in this case. The Government responded that it received information from a confidential informant that led to the seizure of 153 kilos of cocaine on May 7, 2007, in Fulton County, Georgia, but that the informant did not provide any information about Defendant or his co-defendant. It also appears that there were two additional informants, a male and female, that made a controlled purchase of marijuana from Defendant.

"The government has a qualified 'privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.'" *United States v. Distance*, No. 09-5034, 404 Fed. App'x 746, 747, 2010 WL 5093925, at \*\*1 (4th Cir. Dec. 9, 2010) (quoting *Roviaro v. United States*, 353 U.S. 53, 59 (1957) (citation omitted)). "However, the 'identity of such an informer must be disclosed whenever the informer's testimony may be relevant and helpful to the accused's defense.'" *Id.* (quoting *Roviaro*, 353 U.S. at 62). "In determining whether to require disclosure, a district court must balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *Id.* "In making this determination, the court should consider the circumstances of the case, including (1) the crime charged, (2) the defendant's possible defenses,

3

(3) the possible significance of the informer's testimony, and (4) any other relevant factors." *Id.* "The defendant bears the burden of demonstrating that the *Roviaro* criteria apply in favor of disclosure." *Id.* (citing *United States v. D'Anjou*, 16 F.3d 604, 609 (4th Cir. 1994)). "Moreover, '[t]he defendant must come forward with something more than speculation as to the usefulness of such disclosure.'" *Id.* (quoting *United States v. Smith*, 780 F.2d 1102, 1108 (4th Cir.1985)).

Here, Defendant is charged in a three count indictment with (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base (crack) and 1000 kilograms or more of marijuana from no later than 2004 through the date of indictment, (2) possession with the intent to distribute 1000 or more kilograms of marijuana, aiding and abetting, in or about April 2007, and (3) distribution of a quantity of marijuana on or about June 2, 2010.

With respect to the informant that provided information that led to the seizure of 153 kilos of cocaine on May 7, 2007, Defendant has not articulated any particularized need for the identity of that informant with respect to the crime charged, the possible defenses, the possible significance of the informer's testimony, or any other factors. Additionally, the Government has indicated that the informant provided no information with respect to this Defendant or his co-defendant. Accordingly, Defendant has not carried his burden of demonstrating that the *Roviaro* criteria weigh in favor of disclosure of the identity of this informant. With respect to the identity of the male and female informants that made a controlled purchase of marijuana from Defendant, the Government has agreed to disclose the requested information to Defendant, but asked to delay disclosure with respect to the female informant until 30 days prior to trial, because she is still being utilized as an informant by the Government. The Court finds that disclosure 30 days prior to trial would allow Defendant sufficient time for the effective use of this information at

4

trial. Accordingly, Defendant's motion is **GRANTED IN PART** with respect to the male and female informants who made a controlled purchase of marijuana from Defendant, and the Government shall disclose the requested information no later than 30 days prior to trial, and **DENIED IN PART** with respect to the informant that provided information that led to the seizure of 153 kilos of cocaine on May 7, 2007.

## CONCLUSION

(1) Defendant's Motion for Early Disclosure of *Brady/Giglio* Material [DE-39] is **GRANTED IN PART AND DENIED IN PART**;

(2) Defendant's Motion for Sequestration of Government Witnesses [DE-40] is **GRANTED**; and

(3) Defendant's motion for Disclosure of Identity and Additional Information of Confidential Informant [DE-41] is **GRANTED IN PART AND DENIED IN PART**.

This 4th day of June 2012.

Malcolm J. Howard
Senior United States District Judge